U.S. Department of Justice

United States Attorney

District of Columbia



Judiciary Center
555 Fourth St. N.W
Washington, D C. 20001

April 24, 2007

CR07-126

FILED
AUG 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Spencer M. Hecht, Esq.
Hecht and Associates
8630 Fenton Street, Suite 822
Silver Spring, MD 20910
Fax: 301-587-4559

Shraga Kawior, Esq.
Kawior and Feldman, P.C.
8630 Fenton St., Suite 822
Silver Spring, MD 20910
Fax: 301-587-4559

Kevin McCants
McCants and Grigsby Law Offices
717 D St., N.W., Suite 300
Washington, D.C. 20004

        Re:    Aaron J. Burroughs, Crim. Case No. 06-316 (RJL)

Dear Mssrs. Hecht, Kawior, and McCants:

    This letter sets forth the full and complete plea offer to your client, Aaron J. Burroughs. This offer is binding only upon the United States Attorney's Office for the District of Columbia (USAO-DC) and the United States Attorney's Office for the District of Maryland (USAO-MD). This plea offer will expire on March 30, 2007. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

    1. **Charges:** Mr. Burroughs agrees to plead guilty in the United States District Court for the District of Columbia to a total of three charges, as follows: Mr. Burroughs agrees to plead guilty to two of the charges for which he has been indicted in Crim. Case No. 06-316 (RJL): one count of transportation of a minor for prostitution, in violation of 18 U.S.C. § 2423(a), and one count of first-degree child sexual abuse, in violation of D.C. Code § 22-3008 (without aggravating circumstances). In addition, Mr. Burroughs agrees to waive indictment and plead guilty to the charge of exploitation of children, in violation of 18 U.S.C. § 2251(a), which is venued in the United States District Court for the District of Maryland, and to consent pursuant to Rule 20 (a) of the Federal Rules of Criminal Procedure to a transfer of that charge to the United States District Court for the District of Columbia. Finally, Mr. Burroughs agrees to the forfeiture of his 1995 Land Rover Range Rover truck, Maryland

Tag number 764M556, expiration date May 2008, VIN Number SALHC1343SA650638; and his 2000 Chevrolet Monte Carlo, Maryland Tag number 1ALP81, expiration date Mach 2007, VIN Number 2G1WX12KXY9303856, and further agrees to forfeit to the District of Columbia the bond posted for those vehicles.

Mr. Burroughs agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Burroughs's actions and involvement in the charged offenses. It is anticipated that during the Rule 11 plea hearing, Mr. Burroughs will adopt and sign the Statement of the Offense as the written proffer of evidence.

2. **Potential penalties, assessments, and restitution**: Mr. Burroughs understands that the maximum sentences that can be imposed for the offenses to which he agrees to plead guilty are: 30 years imprisonment, with a 15-year mandatory minimum, a fine of up to $250,000, supervised release of up to 5 years, and a special assessment of $100, for the violation of 18 U.S.C. § 2251(a); 30 years imprisonment, with a 5-year mandatory minimum, a fine of up to $250,000, supervised release of up to 5 years, and a special assessment of $100, for the violation of 18 U.S.C. § 2423(a); and 30 years imprisonment, a fine of up to $250,000, supervised release of up to 5 years, and a special assessment of up to $5,000 pursuant to the Victims of Violent Crimes Compensation Act of 1996, for the violation of D.C. Code § 22-3008. In addition, the D.C. Code offense requires registration as a sexual offender under the Sexual Offender Registration Act, D.C. Code § 22-4001 et. seq.

Notwithstanding the maximum statutory sentences, Mr. Burroughs understands that the sentence to be imposed in this case will be determined in accordance with 18 U.S.C. § 3553(a) and 3553(c) through (f), upon consideration of the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual (2005) (hereinafter "Sentencing Guidelines"), and the voluntary sentencing guidelines applicable in the Superior Court for the District of Columbia. Mr. Burroughs understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Burroughs further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Burroughs's right to appeal an unlawful sentence.

3.   **Federal Sentencing Guidelines**

The parties agree that the following Guideline Sections apply:

§ 2G2.1       Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material

(a)   Base Offense Level                                                                32

    (b)  Specific Offense Characteristics

      (1)  minor between 12 and 16 years old  +2
      (2)(A)  commission of sexual act      +2

§ 4B1.5  Repeat and Dangerous Sex Offender Against Minors

    (b)(1) pattern of activity involving prohibited sexual
        conduct    +5

Total    41

The parties agree that, with respect to the calculation of the advisory Sentencing Guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments will be raised or are in dispute. Except as stated in the next paragraph below, Mr. Burroughs agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the advisory Sentencing Guidelines.

The parties further agree that, at the time of allocution: (a) the government will not seek a sentence of imprisonment in excess of the low end of the applicable guideline range, after a three-level reduction for acceptance of responsibility, which the parties agree is 235 months; and (b) Mr. Burroughs will not seek a sentence of imprisonment below the applicable guideline range except in the event of the government's filing of a motion pursuant to § 5K1.1 of the Sentencing Guidelines, in which case Mr. Burroughs will not seek a sentence of imprisonment below 120 months.

    4. **Cooperation:** Mr. Burroughs agrees to cooperate completely, candidly, and truthfully in any investigations for which the USAO-DC or the USAO-MD seeks Mr. Burroughs's cooperation. Specifically, Mr. Burroughs agrees:

    a. to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of these investigations;

    b. to answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of these investigations;

    c. to make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

    d. not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

    e. not to disclose the fact of or details regarding his cooperation with law

3

enforcement to any person or entity;

  f. to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide;

  g. to answer, at trial, before the grand jury, or at any hearing arising out of these investigations, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly;

  5. **Government Concessions:** In exchange for his guilty plea and voluntary forfeiture, the government agrees not to oppose a 3-level adjustment for acceptance of responsibility pursuant to Sentencing Guidelines, Section 3E1.1(b). Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Burroughs in the United States District Court for the District of Columbia, the United States District Court for the District of Maryland, or the Superior Court of the District of Columbia, related to the matter outlined in the attached Statement of the Offense. Finally, the United States agrees that, at the time of sentencing, it will dismiss the remaining counts of the indictment in Crim. Case No. 06-316 (RJL). Mr. Burroughs agrees that the counts to be dismissed at the time of sentencing are based in fact and would not provide a basis for any future claims under 28 U.S.C. § 2412, and specifically agrees not to file any claim under that statute.

  6. **Departure Committee:** At the time of Mr. Burroughs's sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by Mr. Burroughs to the United States. In addition, before sentencing, the United States will inform the Departure Committee of the USAO-DC of the full nature, extent and value of the cooperation provided by Mr. Burroughs to the United States. If the Departure Committee determines that Mr. Burroughs has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then the United States will file a motion pursuant to § 5K1.1 of the sentencing guidelines. Mr. Burroughs understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the USAO-DC. Mr. Burroughs further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

  7. **Court is not bound:** Mr. Burroughs understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

  8. **Reservation of Allocution:** The United States reserves allocution, including, among other things, the right: to inform the presentence report writer of any relevant facts; to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its

evidence with respect to all of Mr. Burroughs's criminal activities, subject to the provisions of the following paragraph.

9. The United States and Mr. Burroughs hereby agree that, because Mr. Burroughs has agreed to cooperate with the United States, information provided by Mr. Burroughs shall not be held against him, except as follows (see Sentencing Guidelines Section 1B1.8):

> h. information that was known to the United States prior to the date this plea agreement was agreed to by Mr. Burroughs;
>
> i. in a prosecution for perjury or giving a false statement pursuant to this agreement; and,
>
> j. if there is a breach of this agreement by Mr. Burroughs, as determined under the provisions of this agreement. In the event of such a breach, the United States retains the right to use any information provided by Mr. Burroughs to impeach him at any subsequent proceeding.

10. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

11. **Breach of Agreement:** If Mr. Burroughs fails to make a complete, truthful, and candid disclosure of information to federal law enforcement officers, government attorneys, and grand juries conducting these investigations, or to the Court; and/or if Mr. Burroughs commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. If, during this investigation or prosecution, Mr. Burroughs should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the United States may prosecute him for these offenses to the fullest extent provided by law. In the event of a breach of this agreement: (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence of Mr. Burroughs (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Burroughs will not have the right to withdraw the guilty plea; (c) Mr. Burroughs shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and

obstruction of justice; and (d) the United States will be free to use against Mr. Burroughs, directly and indirectly, in any criminal or civil proceeding, any of the information or materials provided by him pursuant to this cooperation agreement. Mr. Burroughs waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements he has made.

12. In the event of a dispute as to whether Mr. Burroughs has knowingly given materially false, incomplete or misleading information in fulfilling the terms of his cooperation agreement or whether Mr. Burroughs has knowingly committed any other material breach of this agreement, and if the United States wants to exercise its rights under this agreement, and if Mr. Burroughs so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which Mr. Burroughs's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the same by a preponderance of the evidence.

13.   **Presence of Counsel:**  At all briefing and interviewing sessions conducted by investigators and/or attorneys for the government, Mr. Burroughs shall be entitled to the presence, advice, and assistance of counsel, unless waived.

14. **Limits of Agreement:** Mr. Burroughs understands that this agreement is binding only upon the USAO-DC and the USAO-MD. This agreement does not bind any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Burroughs.

15.   **Complete Agreement:**   No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Burroughs, Mr. Burroughs's counsel, and an Assistant United States Attorney for the District of Columbia and for the District of Maryland.

If the foregoing terms and conditions are satisfactory, Mr. Burroughs may indicate his assent by signing the agreement in the space indicated below and returning the original to Assistant United States Attorney Mary McCord once it has been signed by Mr. Burroughs and his counsel.

Sincerely yours,

*[signature]*  
ROD J. ROSENSTEIN,  
UNITED STATES ATTORNEY  
DISTRICT OF MARYLAND

*[signature]*  
JEFFREY A. TAYLOR,  
UNITED STATES ATTORNEY  
DISTRICT OF COLUMBIA

*[signature]*  
EMILY GLATFELTER,  
Assistant United States Attorney  
District of Maryland

*[signature]*  
KIM A. HERD,  
Assistant United States Attorney  
District of Columbia

By: *[signature]*  
MICHELLE SARTORI  
Assistant United States Attorney  
District of Maryland

By: *[signature]*  
MARY B. MCCORD,  
Assistant United States Attorney  
District of Columbia

7

## Defendant's Acknowledgement

I have read this plea agreement and have discussed it with my attorneys, Spencer M. Hecht, Shraga Kawior, and Kevin McCants. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offenses identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 4/26/07

AARON J. BURROUGHS
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 4/26/07

SPENCER M. HECHT
Attorney for the Defendant

Date: 4/26/07

KEVIN MCCANTS,
Attorney for the Defendant