UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | UNDER SEAL |
| | : | |
| v. | : | CRIMINAL NO. 07-126 (RJL) |
| | : | |
| AARON J. BURROUGHS, | : | |
| | : | |
| | : | |
| Defendant. | | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR CHANGE OF CONDITIONS OF RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes the defendant's "Motion for Change of Conditions of Release" because his release is not permitted by statute and, in any event, the defendant has shown no grounds for release.

The defendant was arrested on July 31, 2006, and charged in the District of Columbia Superior Court with first-degree child sexual abuse, in violation of D.C. Code § 3008. After a detention hearing, the defendant was ordered detained without bond pending trial, pursuant to D.C. Code § 23-1322(b)(1)(A). The defendant was thereafter indicted on October 19, 2006, by a federal grand jury, which returned a six-count indictment charging the defendant with multiple federal and local child sexual assault and sex trafficking crimes. A detention hearing pursuant to 18 U.S.C. § 3142(f) was conducted before United States Magistrate Judge Deborah Robinson on November 1, 2006. Magistrate Judge Robinson ordered that the defendant be detained pending trial pursuant to 18 U.S.C. § 3142(e), finding that the weight of the evidence against the defendant was "virtually overwhelming," the defendant's "use of his authority as a JV

football coach at the alleged victim's school to have her perform sex acts for him and for others for money, and to use his position to sell marijuana to students, militate[d] against release on conditions," and the defendant's "reckless and callous actions" were "indicative of the grave danger which would be posed to the youth of this and neighboring communities should Defendant be released."  Order of Magistrate Judge Deborah Robinson (Nov. 14, 2006).

Pursuant to a plea agreement with the United States, the defendant pleaded guilty on August 16, 2007, to one count of exploitation of children, in violation of 18 U.S.C. § 2251(a), one count of transportation of a minor for purposes of prostitution, in violation of 18 U.S.C. § 2423(a), and one count of first degree child sexual abuse, in violation of D.C. Code § 3008.  Each of these offenses carries a maximum prison sentence of 30 years.  In addition, the violation of 18 U.S.C. § 2251(a) carries a mandatory minimum term of incarceration of 15 years, while the violation of 18 U.S.C. § 2423(a) carries a mandatory minimum term of incarceration of 5 years.  The terms of the plea agreement provide that the government will not seek a sentence of imprisonment in excess of the low end of the applicable guideline range, after a three-level reduction for acceptance of responsibility, which the parties agreed is 235 months.  In addition, the agreement provides that the defendant will not seek a sentence below the applicable guideline range unless the government files a motion pursuant to § 5K1.1 of the Sentencing Guidelines, and then he will not seek a sentence of imprisonment below 120 months.

The defendant now asks this Court to release him pending sentencing, currently scheduled for January 16, 2008.  The relief the defendant seeks is barred by statute.

Under 18 U.S.C. § 3143(a)(2), the district court "shall" order a person guilty of an offense described in 18 U.S.C. § 3142(f)(1)(A), (B), or (C) detained unless "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and [] the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."[1]  The offenses to which this provision applies, as defined in 18 U.S.C. § 3142(f)(1)(A),(B), and (C), include "crime[s] of violence."  Both of the federal crimes to which the defendant pleaded guilty are "crimes of violence" according to the applicable definition in 18 U.S.C. § 3156(a)(4).[2]  In addition, the D.C. Code offense of first degree child sexual abuse is defined as a crime of violence in D.C. Code § 23-1331(4).   Because the

---

[1] The relevant provision states, in full:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless --

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

[2] 18 U.S.C. § 3156(a)(4) defines "crime of violence" to include "any felony under chapter 109A, 110, or 117."  Exploitation of children, in violation § 2251(a), is part of chapter 110, while transportation of a minor for purposes of prostitution, in violation of § 2423(a), is part of chapter 117.

defendant has pleaded guilty to three crimes of violence, this Court may not release the defendant pending sentencing unless the government is recommending that no sentence of imprisonment be imposed. The government will not be recommending that no sentence of imprisonment be imposed. Indeed, the government expects to allocate for a substantial prison term for the defendant.

In any event, even if the government's recommendation were not an obstacle to the defendant's pre-sentence release, the defendant has utterly failed to show by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community if released. Indeed, the defendant's motion, rather than setting forth reasons why the defendant is not a flight risk or a danger to the community, chastises the government for running "wild" in this case by overcharging and issuing press releases.[3] While criticizing the government for indicting the defendant on six counts, the defendant fails to even acknowledge that he pleaded guilty to three counts, each of which is a serious felony sex crime involving a child victim and each of which carries substantial penalties. The fact that he could be put on electronic monitoring does not eliminate his

---

[3] The defendant makes several assertions that he claims are "undisputed," which, in fact, are disputed. In footnote 2 of his motion, he claims that "the government has agreed to file an amended statement of facts in the Information file in this case that the Hotel room on New York Avenue in the District of Columbia where the defendant was arrested was not used as a source of prostitution." The government has made no such agreement and stands by the assertion in the Statement of the Offense, to which the defendant agreed, that on the night that the victim, S.G., was discovered engaged in prostitution in Takoma Park, Maryland, the defendant had rented a hotel room at the Budget Inn on New York Avenue for her to use. The defendant makes other assertions in that same footnote that appear to be an attempt to mitigate his responsibility for his actions and to retract from his admission in the Statement of the Offense, to which he agreed, that the defendant "transported S.G. from Maryland to the District of Columbia for purposes of prostitution, knowing that S.G. was under the age of 18."

risk of flight, because such systems do not prevent flight.  With such substantial penalties facing him, the defendant has a great incentive to flee.  Moreover, just because the defendant "has no criminal record and no firearms were charged," as he asserts in his motion, does not mean he is not a danger to the victim in this case or to others in the community.  The crimes to which he pleaded guilty did not involve firearms, yet they are "crimes of violence" under applicable statutes.  And they are crimes of violence for which there is a victim who must continue to deal with the consequences of the defendant's crimes.  Moreover, they are crimes of violence that easily can be committed within the defendant's home (or the home of his mother) while subject to electronic monitoring. [4]

Magistrate Judge Robinson rejected the defendant's similar arguments for release when she ordered him detained pretrial.  The only thing that has changed since then is that the defendant has now admitted that he in fact engaged in three of the charged sexual offenses against a child.  This admission does nothing to ameliorate his risk of flight or danger to the community.[5]

---

[4] The defendant argues that his cooperation with the government makes him a good candidate for release, but does not explain how his cooperation makes him less of a flight risk or less of a danger to the community.  Although his cooperation may provide the basis for a government motion for a sentencing departure pursuant to § 5K1.1 of the Sentencing Guidelines, as noted *supra*, the government expects to seek a substantial term of incarceration at sentencing, and the defendant has agreed not to request a sentence of less than 120 months' incarceration.

[5] The defendant inexplicably cites United States v. Watson, 423 U.S. 411 (1976) for his one-sentence suggestion that he should be released in order to be more accessible to counsel in preparing for sentencing.  Watson is a Fourth Amendment case addressing the legality of a warrantless arrest and of an ensuing search of the arrestee's car upon his purported consent.  At any rate, the defendant has not explained why his present

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court deny the defendant's motion for release pending sentencing.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

/s/
_____
MARY B. McCORD
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar No. 427563
555 4th Street, N.W., Room 10-417
Washington, DC 20530
(202) 353-8132

---

detention renders him inaccessible to counsel for purposes of preparing for sentencing.

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of this Opposition was served by first-class mail and electronic mail on counsel for the defendant, Spencer M. Hecht, Esq., Hecht & Associates, 801 Wayne Ave., Suite 400, Silver Spring, MD 20910, and Kevin McCants, Esq., McCants & Grigsby Law Offices, 1001 Pennsylvania Ave., N.W., Suite 600-South, Washington, D.C. 20004, this 8th day of November, 2007.

/s/
_____
MARY B. McCORD
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | UNDER SEAL |
| | : | |
| v. | : | CRIMINAL NO. 07-126 (RJL) |
| | : | |
| AARON J. BURROUGHS, | : | |
| | : | |
| Defendant. | : | |

ORDER

This matter comes before the Court on the defendant's Motion for Change of Conditions of Release. Upon consideration of the motion and the opposition filed by the United States, it is hereby ordered that the defendant's motion is DENIED and the defendant shall remain detained pursuant to the provisions of 18 U.S.C. § 3143(a)(2) pending sentencing.

SO ORDERED this ___ day of November 2007.

_____
RICHARD J. LEON
UNITED STATES DISTRICT JUDGE