## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **UNDER SEAL** |
| | : | |
| v. | : | **CRIMINAL NO. 07-126 (RJL)** |
| | : | |
| AARON J. BURROUGHS, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the

District of Columbia, hereby submits this memorandum in aid of sentencing.

## INTRODUCTION

On August 16, 2007, defendant Aaron J. Burroughs pleaded guilty under seal to one count

of exploitation of children, in violation of 18 U.S.C. § 2251(a) (transferred from the United States

District Court for the District of Maryland pursuant to Rule 20(a) of the Federal Rules of Criminal

Procedure), one count of transportation of a minor to engage in prostitution, in violation of 18 U.S.C.

§ 2423(a), and first-degree child sexual abuse, in violation of D.C. Code § 22-3008.  As part of his

plea agreement, the defendant agreed to cooperate with the United States Attorneys' Offices for the

District of Columbia and the District of Maryland.

Exploitation of children under 18 U.S.C. § 2251(a) carries a statutory mandatory minimum

penalty of imprisonment for 15 years; transportation of a minor to engage in prostitution, under 18

U.S.C. § 2423(a), carries a statutory mandatory minimum penalty of imprisonment for 10 years.[1]

The United States Probation Office prepared a Presentence Investigation Report ("PSR"), which

concluded that the applicable United States Sentencing Guidelines (U.S.S.G.) range for the two

federal counts, grouped together, is 235 to 293 months' imprisonment. PSR at 12, ¶ 61. It also

noted that the maximum sentence for the D.C. Code offense of first-degree child sexual abuse is 30

years' imprisonment. PSR at 12, ¶ 60. In this case, in accordance with the government's motion

pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), incorporated herein, the United States

recommends that the Court impose a below-guidelines sentence of 15 years' imprisonment, the

statutory mandatory minimum for the lead count to which the defendant pleaded guilty.

I.    Factual Background

On October 19, 2006, a federal grand jury in the District of Columbia returned a six-count

indictment charging Aaron Burroughs with one count of sex trafficking in children, in violation of

18 U.S.C. § 1591(a)(1); one count of transportation of a minor to engage in prostitution, in violation

of 18 U.S.C. § 2423(a); one count of first-degree child sexual abuse with aggravating circumstances,

in violation of D.C. Code §§ 22-3008, -3020(a)(2); and three counts of first-degree child sexual

abuse, in violation of D.C. Code § 3008.[2]  The indictment arose from the defendant's sexual

---

[1] At the time the parties entered into the plea agreement, they believed that the statutory mandatory minimum penalty for the § 2423(a) count was five years. However, on July 27, 2006, § 2423(a) was amended pursuant to the Adam Walsh Child Protection and Safety Act, and the mandatory minimum penalty was increased from five to ten years.

[2]    This case was assigned the number 06-316 (RJL). When the criminal information charging the § 2251(a) count was transferred to this Court from the District of Maryland, pursuant to Rule 20, it was transferred under seal and assigned the number 07-126 (RJL). Burroughs pleaded guilty in No. 07-126, to the transferred § 2251(a) count, and to a two-count criminal information charging the § 2423(a) count and the D.C. Code offense. The original case, No. 06-316 remained open, but the government will move to dismiss it after sentencing in case No. 07-126.

exploitation of a teenage girl whom he met when he was a volunteer football coach at a nearby Maryland high school and she was a 14-year-old volunteer trainer for the team.

On July 31, 2006, a police officer in Takoma Park, Maryland, discovered S.G., then 15 years old, engaged in prostitution while in a parked vehicle. S.G. was interviewed and identified her "pimp" as the defendant, Aaron Burroughs. That night, she had been prostituting on the D.C. "track" in the 1500 block of Rhode Island Avenue, N.E., in Washington, D.C., an area well known for prostitution. S.G. explained that she met Burroughs when she was in the ninth grade and Burroughs was a junior varsity football coach at the public high school she attended in Maryland. She was a trainer for the team. Before her tenth grade year, when she was 14 years old, Burroughs asked her if she was interested in being a trainer again during the upcoming season, and she agreed.

Shortly after school started, Burroughs called S.G. and told her that he promoted parties. He asked if she wanted to dance at parties. She told him that she didn't know. Burroughs called her again after a few more weeks passed. He told S.G. that he could help her earn quick money. He picked her up in Maryland in his car, provided her with an outfit to wear, showed her a video about "pimps and hoes," talked to her about having sex for money, and took her to the Rhode Island Avenue track in the District of Columbia. Burroughs explained that, before she got in a car with anyone, she should ask if the person was a police officer and verify the response by asking the person to touch her or show her his penis. Burroughs told her to charge $50 for oral sex, $75 for vaginal sex, and $100 for both. He also told her that, if the police came, she should tell them that she was 19 years old and a college student. Burroughs parked his car where he could watch S.G. on the track. They communicated by cell phone so that he knew when she got a "date" and so that he could let her know if someone looked suspicious. On her first night, S.G. made $1,000. Burroughs took her

home at the end of the night, and they split the money, with him getting $600 and S.G. keeping $400.

Burroughs brought S.G. into the District of Columbia from Maryland to prostitute another 15 to 25 times between October 2005 and July 2006. The repeated transportation of S.G. across state lines for purposes of prostitution is the basis for the § 2423(a) count to which Burroughs pleaded guilty. Burroughs also took S.G. to a car wash and detail shop in Maryland to have sex for money with the men who worked there. And once he took her to a hotel in Staunton, Virginia, where he left her to have sex for money with his cousin and other friends. S.G. had to call her sister to pick her up from the hotel and bring her home because Burroughs did not return.

Burroughs also arranged for S.G. to have sex with his good friend, Michael Malloy, who was at the time a United States Capitol Police Officer. Once, Burroughs brought S.G. into the District of Columbia and they met Malloy in a parking lot near the Capitol. On the way to meet Malloy, Burroughs told S.G. that she would be performing oral sex on Malloy, and that Malloy was a police officer. In the parking lot, Malloy got in the back seat of Burroughs's car and S.G. performed oral sex on him while Burroughs stood outside the car. Afterward, Malloy paid Burroughs.

On two other occasions, Burroughs took S.G. to Malloy's house in Charles County, Maryland, for her to engage in sex acts with Malloy for money. Both times, Burroughs and Malloy videotaped S.G. engaging in numerous different sex acts with both men. The graphic videotape of S.G. engaging in sexual acts, including vaginal and oral sex, was subsequently seized by FBI investigators during the execution of a search warrant at Malloy's residence. On the tape, Burroughs is heard saying, "another Bad Boy Entertainment Film . . . straight out of L.A." The production of the videotape is the basis for the charge of exploitation of children, in violation of 18 U.S.C. § 2251(a), transferred to this Court from the District of Maryland. In September 2007, a jury in the

United States District Court for the District of Maryland found Michael Malloy guilty of the same crime, based on the two times that Burroughs brought S.G. to Malloy's house and the men videotaped her having sex with them. Malloy was sentenced to 15 years' imprisonment by the Honorable Alexander Williams on January 9, 2008.

Throughout this entire time, Burroughs was also regularly engaging in sexual acts with S.G., including vaginal and oral sex, in both Maryland and the District of Columbia. On the night that S.G. was found prostituting in a parked car in Takoma Park, Maryland, she earlier had performed oral sex on Burroughs in his Range Rover in a Metro bus parking lot, before Burroughs began his shift as a Metro bus driver. It was this sex act that formed the basis of the first-degree child sexual abuse count to which Burroughs pleaded guilty under the D.C. Code.

Earlier that same night, Burroughs had rented a hotel room at the Budget Inn, on Rhode Island Avenue, N.E., for S.G. to use for prostitution. After S.G. was arrested and interviewed, she participated in several one-party consent phone calls to Burroughs on July 31, 2006.[3] During the phone calls, which were recorded, S.G. indicated that she had been released after having been arrested, and that she was at the hotel and needed to get her things and get a ride. Burroughs told her that he had already retrieved her things, and that he would come and get her. Burroughs was arrested when he pulled into the Budget Inn parking lot in his Range Rover.

Upon arrest, Burroughs waived his rights and was interviewed. He admitted to having engaged in a sex act with S.G. the previous night in the Metro bus yard in the District of Columbia.

---

[3] S.G. told police that she had tried to tell Burroughs that she did not want to prostitute anymore, but that he would say she owed him money, and she felt that she had to pay off her debt by prostituting for him. S.G. also told the police that, despite her experiences, she did not hate Burroughs.

Burroughs admitted that he knew that S.G. was an underage child. He also admitted to having transported S.G. from Maryland into D.C., and other locations, to engage in prostitution with his friends and other customers, for money. He admitted to establishing the prices to be charged for different sex acts. He admitted that Michael Malloy was one of the persons with whom he arranged for S.G. to have sex for money. He further admitted that he and Malloy had videotaped themselves engaging in sexual acts with S.G. at Malloy's residence in Maryland. He also admitted taking S.G. to Staunton, Virginia, where he left her to engage in prostitution with his friends.

II.      Government Response to Defendant's Objections to the PSR

Burroughs made two separate submissions, through two different counsel, setting forth several objections to the PSR. Some of these are factual, and some are with regard to the calculation of the guidelines. The government responds as follows:

Through attorney Spencer Hecht, Burroughs complains about the dates of the offenses to which Burroughs pleaded guilty, as indicated in the PSR at ¶ 3. The dates attributed to these offenses by the PSR writer are the exact dates charged in the criminal information transferred from Maryland and the criminal information filed in this Court at the time of Burroughs's plea. These are the charges to which Burroughs pleaded guilty, agreeing to the charged dates. Burroughs also complains that the PSR at ¶ 4 suggests that he pleaded guilty to all counts for which he was indicted, but, fairly read, the PSR suggests only that Burroughs pleaded guilty to the three counts referred to in the two criminal informations filed in the sealed case.

Burroughs also argues, through both counsel Hecht and Kevin McCants, that he did not rent the hotel room for S.G. to use for prostitution on the night of July 30-31, 2006. But the Statement of the Offense, to which Burroughs agreed in open court at the plea hearing on August 16, 2007, and

which he signed, states that "Burroughs had rented a hotel room at the Budget Inn, on New York Ave., N.E., for S.G. to use." [4] The clear inference from the rest of the Statement of the Offense is that the hotel room was for use in prostitution. Moreover, Burroughs admitted during his debriefings with the government that he rented the room for S.G. to use for prostitution.

Burroughs also complains, through both counsel, that there was only one occasion, not two, during which a videotape was produced at Malloy's residence. Again, this is belied by the Statement of the Offense, in which Burroughs admitted that both times he took S.G. to engage in sexual acts with Malloy at Malloy's residence in Charles County, Maryland, the sex acts were videotaped. Moreover, the videotape seized as evidence in this case appears to depict two separate occasions during which Malloy and Burroughs are engaging in a variety of sexual acts with S.G.

We agree with Burroughs's assertions, through counsel Hecht, that the mandatory minimum for the § 2423(a) count is ten years' imprisonment under the Adam Walsh Child Protection and Safety Act, and that the parties mistakenly understood the mandatory minimum to be five years, rather than ten years, at the time that Burroughs entered his plea. The penalty was increased by the Act, effective July 27, 2006, three days before the last time that Burroughs brought S.G. to the District of Columbia for purposes of prostitution. Thus, the increased mandatory minimum is applicable to the § 2423(a) count.

We also agree that a Departure Committee of the United States Attorney's Office has determined that Burroughs has provided substantial assistance in the investigation or prosecution of

---

[4] There is a factual error in the sentence about the hotel room rented by Burroughs. The hotel was on Rhode Island Ave., N.E., not New York Ave., N.E.

another individual, and this sentencing memorandum includes a motion pursuant to U.S.S.G.

§ 5K1.1 and 18 U.S.C. § 3553(e).

Finally, although Burroughs argues, through counsel McCants, that the PSR writer incorrectly

calculated the applicable guideline range, Burroughs agreed to the same calculation in the plea

agreement he entered into with the government on April 26, 2007, and which he adopted in open

court at his plea hearing on August 16, 2007. To the extent he maintains that the calculation is

incorrect, his argument is a breach of the plea agreement.[5]

---

[5] At any rate, the PSR calculation is correct. Burroughs argues that he should have received
a two- to four-level reduction as a "minor" or "minimal" participant in the § 2251(a) offense under
U.S.S.G. § 3B1.2. The commentary to that section makes it clear that the determination of whether
an adjustment is necessary due to the minor or minimal role of a participant in a multi-participant
offense is "heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment.
(n.3(C)). As recounted above, it is clear that Burroughs was the major participant in the exploitation
of S.G. for his own sexual and financial gratification. With regard to the videotaping of S.G.
engaged in sexual acts with Malloy and Burroughs, there is no record support for Burroughs's
allegation that he was only a minor or minimal participant in the videotaping. As part of his
cooperation with the government, Burroughs admitted to taking S.G. to Malloy's house for the
purpose of engaging in sexual acts. The videotape shows Burroughs engaging in numerous sex acts
with S.G., and Burroughs can be heard talking throughout the tape, including when he is videotaping
Malloy engaging in sexual acts with S.G.

With regard to the five-level increase for engaging in a pattern of activity involving
prohibited sexual conduct, pursuant to U.S.S.G. § 4B1.5(b), the commentary to the guideline states
that "the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least
two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." U.S.S.G.
§ 4B1.5, comment. (n. 4(B)(i)). "Prohibited sexual conduct" is defined as "any offense described
in 18 U.S.C. § 2426(b)(1)(A) or (B)," id. n.4(A), which in turn includes any offense under chapter
109A, 110, or 117 of Title 18, or any offense under state law that would have been an offense under
one of those chapters if it had occurred within the special maritime or territorial jurisdiction of the
United States. All of the offenses to which Burroughs pleaded guilty are "prohibited sexual conduct"
under this definition. The § 2251(a) offense is in chapter 110; the § 2423(a) offense is in chapter
117, and first-degree child sexual abuse under D.C. Code § 3008 would be the federal offense of
sexual abuse of a minor under chapter 109A, had it occurred in the special maritime or territorial
jurisdiction of the United States. See 18 U.S.C. § 2243(a). Thus, because Burroughs engaged in
prohibited sexual conduct with S.G. on at least two separate occasions, the five-level increase for
a pattern of activity is applicable.

III.    Argument

    A.    Sentencing principles

The Supreme Court has recently instructed that district courts "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall v. United States, 128 S. Ct. 586, 596 (2007) (citing Rita v. United States, 127 S.Ct. 2456, 2465 (2007)). "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." Gall, 128 S. Ct. at 596. If the district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. at 597. Moreover, the Court found it "uncontroversial that a major departure should be supported by a more significant justification than a minor one." Id.

In this case, the PSR writer concluded, consistent with the parties' agreement as to the applicable guidelines calculation in the plea agreement, that Burroughs's total offense level, after all adjustments and a three-point reduction for acceptance of responsibility, was 38. PSR at 6-7, Plea Agreement at 3. With a criminal history category I, Burroughs's guideline range for imprisonment is 235 to 293 months' imprisonment. PSR at 12.

    B.    Application of the Factors in 18 U.S.C. § 3553(a)

The three crimes to which Burroughs pleaded guilty are serious offenses that each carry stiff sentences of imprisonment under the applicable statutes. Not only did Burroughs admit to repeatedly having vaginal and oral sex with a young teenager, only 14 years old when the sexual relationship began, he also admitted to introducing that child to the world of prostitution so that he might benefit

financially from others' sexual abuse of her. As a volunteer football coach at S.G.'s high school,

Burroughs was in a position of trust to S.G., whom he recruited to be a trainer for the football team.

He abused that position of trust for his own sexual and financial gain, exposing S.G., at a vulnerable

age, to sexually transmitted diseases, violence, and the long-lasting psychological trauma associated

with child sexual abuse and exploitation through prostitution.[6]  Knowing that S.G. had never

prostituted before, Burroughs watched her get into the cars of unknown men, and stood by while they

sexually abused her, while also expecting to exploit and abuse her himself.

Like all sexual abuse victims, the effects of Burroughs's actions on S.G. may not be fully

apparent for years to come.[7]  UNICEF characterizes child prostitution as "one of the gravest

---

[6]     S.G., through her father, declined to submit a Victim Impact Statement, stating that she has moved on with her life and does not wish to revisit these events in the context of the sentencing proceeding.

[7]     Child sexual abuse ("CSA") is an epidemic plaguing this nation's children, evidenced by disturbing studies which reveal that as many as 62 % of women have experienced CSA. See Joseph H. Beitchman, et al., A Review of the Long-Term Effects of Child Sexual Abuse, 16 Child Abuse & Neglect 101, 115 (1992). The long-term effects of CSA are those behaviors, attitudes, or opinions embodied or displayed by the victim many years after the abuse. The most common long-term effect of CSA is sexual disturbance or dysfunction. See Beitchman et al., supra, at 103. Anxiety, fear, and depression are also commonly cited long-term effects of CSA, especially where force or threat of force was involved in the abuse. Id. Women who are victims of CSA are also more likely to be revictimized. Id. Revictimization means that adult and teenage survivors of CSA are more likely to experience abusive relationships and/or be raped due to their CSA-induced low self-esteem, idealization of men, and oversexualization. Id. at 108. Other long-term effects include guilt, mistrust in relationships, and post-traumatic stress disorder. See David Spiegel, Suffer the Children, Society, May-June 2000, at 18, 19. Finally, adult and teenaged CSA victims are more likely to experience the following adult disorders: substance abuse, eating disorders, anxiety disorders, associative disorders, and personality disorders, all of which are highly correlated with suicidality. See John Read, et al., Assessing Suicidality in Adults: Integrating Childhood Trauma as a Major Risk Factor, 32 Professional Psychology: Research and Practice 367 (2001).

infringements of rights that children can endure."[8]    Unfortunately, S.G.'s experience is not an

anomaly.    Although comprehensive research to document the number of children engaged in

prostitution in the United States is lacking, it is estimated that about 293,000 American youth are

currently at risk of becoming victims of commercial sexual exploitation.[9]    Pimp-controlled

commercial sexual exploitation of children is linked to escort and massage services, private dancing,

drinking and photographic clubs, major sporting and recreational events, major cultural events,

conventions, and tourist destinations. Once children find themselves involved in prostitution, they

also become more vulnerable to exploitation through sexual assault, physical violence and

participation in child pornography.[10]    Although S.G. told police that Burroughs never beat her, she

also admitted that he had told her that he should "start treating her like a real pimp."

Prostituted children are at high risk of many infectious diseases, especially HIV and other

sexually transmitted diseases (STDs). Studies have shown that prostituted children are at higher risk

of STDs than their adult counterparts because their status as children makes them less able to

negotiate the use of condoms by their clients.[11]    "Without use of condoms, the risk of transmission

of STDs is high; during one act of unprotected sex with an infected partner, an adolescent girl has

---

[8]    UNICEF.  In: The progress of nations. Child rights--the ultimate abuse. New York: UNICEF, 1995.

[9]    Richard J. Estes & Neil A. Weiner, Commercial Sexual Exploitation of Children in the U.S., Canada and Mexico, University of Pennsylvania (2001).

[10]    Female Juvenile Prostitution: Problem and Response (Second ed.), National Center for Missing and Exploited Children (November 2002).

[11]    Brian M. Wills & Barry S. Levy, Child Prostitution: Global Health Burden, Research Needs, and Interventions, 359 Lancet 2002 1417, 1417-1422 (2002).

a 30% risk of acquiring genital herpes simplex virus and a 50% risk of acquiring gonorrhea."[12]  A

final health concern for prostituted women and children, like S.G., is human papillomavirus (HPV),

which has garnered much attention of late for its close link with cervical cancer.[13]  Because the risk

of developing cervical cancer is associated with a high number of sexual partners and young age at

first intercourse,[14] S.G. has an increased risk of cervical cancer as a result of engaging in numerous

acts of prostitution at the behest of Burroughs.

As noted previously, each of the offenses for which Burroughs pleaded guilty carries a

significant statutory penalty.  Indeed, both of the federal offenses require mandatory minimum terms

of incarceration.  The sentence imposed here must not only reflect the nature of Burroughs's crimes,

but must also have an especially strong deterrent effect on other potential defendants who choose

to abuse teenagers through prostitution.  This is particularly so for those who abuse positions of

authority, as coaches, teachers, pastors, and counselors, to prey on children who are at vulnerable

times in their lives.

Unfortunately, pimps have been elevated to near icon-like status in popular culture, and their

behavior is being revered in music, television, and movies.  Accordingly, those individuals who, like

Burroughs, may be inclined to pursue this particular life of crime as their vocation must be made

aware that doing so will subject them to the severe penalties.

---

[12]     Facts in Brief: Teen Sex and Pregnancy, 1999 Alan Guttmacher Inst.

[13]     STD Facts - Human Papillomavirus (HPV), http://www.cdc.gov/STD/HPV/STDFact-HPV.htm

[14]     Facts in Brief, supra n. 12.

3.    Defendant's Cooperation

The plea agreement between Burroughs and the government required Burroughs to cooperate completely in any investigations for which the U.S. Attorneys' Offices in the District of Columbia and the District of Maryland sought his cooperation. Burroughs's cooperation was most notable in two cases, leading the Departure Committee of the United States Attorney's Office to determine that Burroughs has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, and to authorize a motion making this representation to the Court pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(a).[15] The nature and extent of Burroughs's cooperation is explained in an addendum to this sentencing memorandum, filed herewith under seal.[16]

4.    Sentencing Recommendation

The government recommends that the Court sentence Burroughs to a total period of incarceration of 180 months, or 15 years, which is the statutory mandatory minimum term of imprisonment for the § 2251(a) offense. Although the Court has the authority, by virtue of the

---

[15] The plea agreement referenced only the potential for a § 5K1.1 motion based on substantial assistance, and did not explicitly reference the potential for a motion pursuant to 18 U.S.C. § 3553(e), which would permit this Court to depart below the statutory mandatory minimum term of imprisonment. However, it was the parties' understanding that, should the government determine that Burroughs provided substantial assistance, the Court would have the authority to depart below the statutory mandatory minimum term of imprisonment. Accordingly, as part of the plea agreement, the defendant agreed not to request a sentence of less that 120 months' imprisonment if the government filed a motion reflecting the defendant's substantial assistance. The government agreed not to request a sentence in excess of the low end of the Guidelines, or 235 months' imprisonment.

[16] The government requests that the addendum remain under seal even if this Court grants the government's motion, also filed herewith, to unseal the records, files, and pleadings in this case.

government's § 3553(e) motion, to depart further, we believe any further departure would be unwarranted for the following reasons.

First, a 180-month sentence represents a significant 55-month reduction below the *bottom* end of the applicable guidelines range, which is 235 months, or nearly 20 years. It is 113 months below the high end of the applicable guidelines range, which is 293 months, or 24-1/2 years. Any further departure should be supported by a more significant justification than is present in this case. See Gall, 128 S. Ct. at 597 ("We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one."). Although Burroughs provided useful information to the government, neither prosecution for which he provided information was reliant on Burroughs's assistance. Indeed, in the only case to proceed to trial, he was not deemed useful enough to be called as a witness. Moreover, although Burroughs attempted to provide information about other crimes, none of the information led to a prosecution.

Second, despite Burroughs's admission of guilt to the charged offenses, he persisted in his debriefings with the government to minimize his involvement and blame the victim. He insisted that S.G. wanted to engage in prostitution and that he was simply helping her out by providing her with rides to the "track" or to meet her dates, or by renting hotel rooms. Even if this were true (and it is not), it provides no excuse for Burroughs's actions. As a grown man, 36 years old at the time of the offenses, and as a volunteer coach for whom S.G. worked as a trainer, Burroughs should have provided guidance to S.G., rather than treating her as a sexual plaything and money machine.

Third, as noted supra, the long-term consequences of the sexual abuse of S.G. may not be revealed for years to come, but the statistics show the potential for many psychological and physiological problems in the future. Moreover, when this case was in its early stages, after S.G. was

found prostituting in Takoma Park, it was covered by the local television network news programs and newspapers. Although never identified by name, S.G. suffered embarassment and shame because the facts of the case made it possible for her fellow students to determine that she was the teenage girl in the news stories. She found it necessary to transfer schools and find a new place to live in order to avoid the humiliation wrought upon her.

Finally, Burroughs's codefendant in the § 2251(a) offense, Michael Malloy, was sentenced to 180 months, or 15 years, even though he was found guilty of only one crime.[17] Unlike Malloy, who claimed not to know S.G.'s age, and to believe that she was 18 and a college student, Burroughs knew full well that S.G. was 14 years old when he began having sex with her and introduced her to prostitution. Malloy took advantage of S.G., unquestionably, and is criminally culpable for that. But his involvement with S.G. was limited to three occasions of sexual activity, twice involving videotaping. Burroughs, by contrast, orchestrated the development of S.G. not only as his own child sexual partner, but as a child prostitute, repeatedly subjecting her body to the sexual desires of unknown men and repeatedly exposing her to all of the dangers associated therewith.

A 55-month downward departure from the applicable guidelines range takes into account the significance of Burroughs's cooperation without discounting his continued blaming of the victim and the serious and long-term impact of his crimes. A sentence at the mandatory statutory minimum of 15 years' imprisonment recognizes the severity with which Congress intended for these crimes to be handled, and ensures that Burroughs is given a sentence at least equal to that of Malloy, whose culpability is considerably less. See 18 U.S.C. § 3553(a)(6) (sentencing court should consider need

---

[17] Malloy was found guilty by a jury after a trial, and no basis for an 18 U.S.C. § 3553(e) motion existed. Thus, the court was bound to impose the statutory mandatory minimum sentence of 15 years for the § 2251(a) offense.

to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct).

    5.    <u>Sex Offender Registration</u>

Each of the three counts to which Burroughs pleaded guilty is a "criminal offense against a victim who is a minor," as that term is defined in 42 U.S.C. § 14071(a)(3)(A), and is a "registration offense" under D.C. Code § 22-4002.  As a result, upon release from any term of incarceration, Burroughs shall be required to register his address with the Metropolitan Police Department, for purposes of inclusion in the District of Columbia's sexual offender registry and/or the National Sex Offender Registry, for a period of at least 10 years after he is released from incarceration.  <u>See</u> 42 U.S.C. § 14071(b)(6); D.C. Code §§ 22-4001, -4002.  The defendant will be required to register in any state, district, or territory where he is employed, carries on a vocation, or is a student.  <u>See</u> 42 U.S.C. §§ 14071(b)(1)(A)(iii), 14071(c).  In addition, if the defendant relocates to another jurisdiction, he shall immediately notify the jurisdiction where he previously had been residing of the change of address and, within 10 days of relocating, he shall register his new address with a designated law enforcement agency in the new jurisdiction.  <u>See</u> 42 U.S.C. §§ 14071(b)(4), 14071(b)(5); D.C. Code § 22-4009.

    6.    <u>Special Conditions of Supervised Release</u>

Pursuant to 18 U.S.C. § 3583(k) and U.S.S.G. § 5D1.2(b), Burroughs must be placed on a minimum five-year term of supervised release.  Because his crime is a sex offense, the maximum term of supervised release – in this case, life – is recommended by the § 5D1.2(b) policy statement.  However, because the government has filed a motion pursuant to § 5K1.1 and 18 U.S.C. § 3553(e), the Court may depart below the mandatory minimum term of supervised release.

In this case, the government recommends that the Court impose a term of supervised release of 15 years, with the following special conditions:

      a.      that, upon release, Burroughs be required to report to the Court Services and Offender Supervision Agency (CSOSA) for supervision by the sex offender supervision unit, and that Burroughs comply with any and all requirements that his supervision officer deems necessary;

      b.      that Burroughs be barred from engaging in any employment, consulting, volunteering, or other activity which would cause him to come into regular contact with children under the age of 18;

      c.      that Burroughs stay away from and have no contact, either directly or indirectly, with S.G. or her family.

7.      <u>Forfeiture</u>

Pursuant to the plea agreement in this case, Burroughs agreed to the forfeiture of his 1995 Land Rover Range Rover truck, Maryland tag number 764M556, expiration date May 2008, VIN Number SALHC1343SA650638, and his 2000 Chevrolet Monte Carlo, Maryland tag number 1ALP81, expiration date March 2007, VIN Number 2G1WX12KXY9303856, and further agreed to forfeit to the District of Columbia the bond posted for those vehicles. Accordingly, at the time of sentencing, the government will submit a Final Order of Forfeiture.

## CONCLUSION

Wherefore, based upon the foregoing, the Government respectfully requests that the Court impose a sentence of incarceration of 180 months, or 15 years, followed by a 15-year period of supervised release.

Respectfully submitted,

JEFFREY A. TAYLOR,
UNITED STATES ATTORNEY
DISTRICT OF COLUMBIA

By:

MARY B. MCCORD,
Assistant United States Attorney
D.C. Bar No. 427563
555 4th Street, N.W.
Washington, D.C. 20530
202-514-7092
mary.mccord@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing government's Memorandum in Aid of Sentencing has been sent by mail, first-class postage prepaid, and electronic mail, to counsel for Aaron J. Burroughs, as follows, this 7th day of May, 2008:

Spencer M. Hecht, Esq.
Hecht and Associates
801 Wayne Ave., Suite 400
Silver Spring, MD 20910
Fax: 301-587-2044
shecht@hechtassociates.net

Kevin J. McCants, Esq.
McCants and Grigsby Law Offices
1001 Pennsylvania Ave., N.W., Suite 600-S
Washington, D.C.  20004
Fax: 202-330-5155
kevinmccants@washintondclegalservice.com

MARY B. MCCORD
Assistant United States Attorney