IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | HEARING REQUESTED |
| | : | |
| v. | : | Criminal No. 07-CR-126 (RJL) |
| | : | |
| AARON JAMAL BURROUGHS | : | |

### DEFENDANT BURROUGHS RULE 35 MOTION FOR REDUCTION OF SENTENCE BASED UPON ABSENCE OF RELEVANT CALCULATION INFORMATION BEFORE THE COURT AT SENTENCING HEARING AND MEMORANDUM OF POINTS AND AUTHORITIES

Comes Now, Aaron Jamal Burroughs, pursuant to Rule 35 of the Federal Rules of Criminal Procedure for a sentence reduction consistent with information relevant to evaluation under 18 USC §3553 not before the Court during his sentencing hearing on August 4, 2008. At sentencing the Court articulated that Mr. Burroughs sentence should be greater than now convicted felon, Michael Malloy, whose case is related to Mr. Burroughs. The Court didn't have the Malloy plea agreement[1] information, and thus could not start the Burroughs calculation from the lower sentencing level of 30 months.

The United States Attorney Office for the District of Maryland offered Defendant Michael Malloy a plea deal with a low end of 36 months, which was originally accepted and entered in Court, but then withdrawn by Mr. Malloy pursuant to Rule 32(e) hearing and Order pursuant thereto. Mr. Malloy got sentenced to 180 months after being convicted by a federal jury in Greenbelt, Maryland.

---

[1] Counsel attempted to secure a copy of the Mr. Malloy's 3-year plea agreement to attach this Motion from AUSA Mary McCord, and both defense attorneys with one being in China on vacation at the Olympics, and the other lawyer who is also on vacation under August 11, 2008 but willing to provide a copy. There is no dispute about the low end of the Malloy plea agreement being 36 months.

1

A Rule 35 evidentiary hearing is requested.

Respectfully submitted,

_____
Kevin McCants (unified bar #493979)
601 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20004
202.742.6540 (telephone)
202.330.5155

## MEMORANDUM IN SUPPORT OF MOTION AND POINT OF AUTHORITIES OF LAW

### RELEVANT LAW AND ARGUMENT

A. **BURROUGHS LOST THE BENEFIT OF THE MALLOY § 2(E) PLEA WITHDRAWAL**
   1. In the instant case, the Court articulated at Mr. Burroughs sentence should be greater than Mr. Malloy's sentence-or 180 months-- as starting point for any sentencing calculations for Mr. Burroughs. The Court did not have the benefit of the Malloy plea agreement of 36 months that had been entered and withdrawn in federal court prior to start of the Malloy trial.

Had the Court had this information, the Court may consistently and proportionally sentenced Mr. Burroughs 12 months greater than Mr. Malloy and Mr. Burroughs would be sentenced to 48 months, or consistently to the sentence Malloy would have received pursuant to the agreement.

2. In the alternative, had the Court have the benefit of Malloy plea agreement, Mr. Burroughs proportionally would have been sentence 12 months greater than the plea agreement between the parties in *United States v. Burroughs* and sentenced thereby getting 132 months in jail, calculating the low end of the plea agreement was 120 months plus 12 months and Mr. Burroughs all the other factors including Mr. Burroughs rapidly accepting responsibility, provided at least substantial but more likely extra-ordinary assistance to the government, and have greater criminal responsibility than Michael Malloy.

**POLICY ANALYSIS**

3. *As a post-Booker* a case as well the arching policy issue of encouraging criminal defendants to confess upon arrest[2] as a factor in calculating sentencing reduction under Rule 35 and still supports the Court's deterrence rationale.

---

[2] Counsel can p offer excepts from Mr. Burroughs full videotaped confession to Metropolitan Police Officer and the FBI in which he gives candid and truth information relating to the videotaping of the sex act with a minor along with his childhood friend, Michael Malloy, and his own sexual activity with the minor female.

3

Mr. Burroughs requests this Court enter a reduction in his sentence Order pursuant to Rule 35 of the Federal Rules of Criminal Procedure and reduce Mr. Burroughs sentence to 132 months concurrent combined charges so that he does unfairly lose the benefit of the Malloy Plea agreement and the insight of the US Attorney Office for the Southern District of Maryland and District of Columbia in fashioning appropriate plea agreements with these two otherwise law-abiding criminal defendants.

Respectfully submitted,

_____
Kevin McCants (Unified Bar #493979)
601 Pennsylvania Avenue, NW
Suite 900
Washington, DC 20004
202.742.6540 (telephone)
202.330.5155

### Certificate of Service

Under penalty of perjury, I attest that a true and complete copy of the attached Motion for Reduction for Reduction of Sentence was sent electronically to AUSA Mary McCord.

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | HEARING REQUESTED |
| | : | |
| v. | : | Criminal No. 07-CR-126 (RJL) |
| | : | |
| AARON JAMAL BURROUGHS | : | |

### ORDER

Upon consideration of the defense Rule 35 Motion for reduction of sentence, it is HEREBY GRANTED and ORDERED that the sentence of Aaron Jamal Burroughs is changed to _____ months on Count 1, to run concurrently to Counts 2 of _____ months and Count 3 of _____ months. Defendant is placed on One Hundred Twenty (120) months supervised on each Count, all to run concurrently. Special Assessment of $200.00 imposed, payable to the Clerk of the Court for the District of Columbia and $100 special assessment to the Victims of Violent Crimes (VVC) fund.

_____
DATE

_____
RICHARD J. LEON
Associate Judge